DETERMINED IN THE

# SECOND DEPARTMENT,

AT

# GENERAL TERM.

## May, 1882.

In the Matter of the Estate of DAVID YOUNG, Deceased.

HENRIETTA E. YOUNG, Respondent, *v.* WALTER D. HICKS AND EDWARD YOUNG, Executors, etc., Appellants.

*Ante-nuptial agreement— when valid — a wife may renounce thereby her right to articles of personal property given by law to the widow —2 R. S., 83, secs. 9, 10.*

In 1864 the respondent entered into an agreement, under seal, with her proposed husband, which, after reciting that he desired to make a fit and proper settlement for her use and benefit, provided that she should retain all the property, both real or personal, which she then had or might thereafter receive, and might dispose of the same during her life or by her will, and, in case of her surviving him, she was to receive $1,500 from his estate "in consideration of said marriage, and also in lieu of dower, or her rights as widow in his estate;" she agreeing that "she will accept and receive the same in full satisfaction of her dower in his estate, and shall bar her from claiming the same, either in his real or personal estate."

*Held,* that the instrument was a good and valid ante-nuptial agreement; that the wife had power to, and by the said agreement did, waive all right to the articles of personal property directed by the Revised Statutes (2 R. S., 83, §§ 9, 10) to be set apart for the widow, in case there is no minor child at the time of the husband's death. (*Curry* v. *Curry*, 10 Hun, 366, criticised.)

APPEAL from an order made by the surrogate of Dutchess county, directing the appellants, as executors of David Young, deceased, to

set apart to the respondent Henrietta E. Young, the widow of said David Young, the articles specified in 2 Revised Statutes (p. 83, §§ 9, 10), as amended by the Laws of 1874, chapter 470.

On the 25th day of February, 1864, the deceased and respondent entered into the following ante-nuptial agreement :

" That, whereas a marriage is about to be had and solemnized between the said parties, and the party of the first part is desirous of making provision for a fit and proper settlement to and for the use and benefit of the said Henrietta E. Tripp, his intended wife ; now, therefore, the said party of the first part doth hereby agree, that if the said marriage shall be had and solemnized as aforesaid, that the said Henrietta shall receive, have and be provided for as follows, to wit :

*First.* She shall have, hold, retain and dispose during her life, or by will, of any and all property, real or personal, which she now has or may hereafter receive, or become entitled to as her own.

*Second.* In case she should happen to survive the said David Young, he hereby agrees to make provision by his last will and testament, or otherwise, that she shall have and receive out of his estate the sum of $1,500, with interest from the day of his decease, in consideration of said marriage and also in lieu of dower, or her rights as widow in his estate ; and in case no such provision is made as aforesaid, then such sum is to be paid out of his estate at all events by those who shall administer the same.

*Third.* And the said Henrietta E. Tripp, in consideration of the premises, hereby covenants and agrees that in case such sum of $1,500 shall be paid to her as aforesaid, in the event of her surviving said David Young, that she will accept and receive the same in full satisfaction of her dower in his estate, and shall bar her from claiming the same, either in his real or personal estate, and that she will execute and deliver any release or releases of such dower right to his heirs-at-law, devisors or legal representatives on demand thereof."

*Daniel W. Guernsey,* for the appellants.

*Allison Butts,* for the respondent.

BARNARD, P. J.:

By chapter 375, Laws of 1849, all contracts made between persons in contemplation of marriage shall remain in full force after such marriage takes place.

The agreement in the present case is a good ante-nuptial agreement even under the case of *Curry* v. *Curry* (10 Hun, 366). It makes a provision in lieu of dower and of the rights of the widow in the husband's estate. The principle decided in that case that such a consideration must be proven to uphold an agreement made in contemplation of marriage does not seem to be supported by any good reason. It was an agreement under seal. It was an instrument containing mutual covenants. It was in contemplation of marriage. It was declared good after marriage by the statute between the parties. Ante-nuptial agreements in favor of the wife have always been favored in equity.

The Court of Appeals, in *Pierce* v. *Pierce* (71 N. Y., 154), say that "ante-nuptial contracts whereby the future wife releases her claim to her right of dower, and all other rights to the estate of her husband upon his decease, are fully recognized in law. When fairly made and executed without fraud or imposition they will be enforced by the courts."

The only remaining question is as to the force and construction of the agreement. It is provided by statute that "if there be a widow and no minor children certain articles specifically mentioned shall belong to the widow." The dispute is as to these articles.

The agreement is plain. The husband covenanted that upon his death the widow should have $1,500, with interest from the day of his decease, "in lieu of dower or her rights as widow in his estate." The widow covenanted that she would receive the same in full satisfaction of her dower in his estate, "either in his real or personal estate."

She was to retain her own property with power to dispose of the same by will or during her life. The will makes the provision for the $1,500. It also gives certain furniture and an annuity of $100 during widowhood. The case is not one involving the rights of any person except the widow. There is no minor child, and the cases holding that an exemption law cannot be waived have no application. The sole question is, can a widow release for a good

consideration a title to become vested in her on her husband's death. She can as well release this provision as she can dower.

That the agreement is drawn so as to include this property there can be no reasonable doubt, if the same effect is to be given to the paper as is given to other agreements, for a certain sum, the covenant is "in lieu of her rights as widow" either "in his real or personal estate." My conclusion, therefore, is that the widow is not entitled to the articles in question.

Decree modified accordingly.

DYKMAN, J., concurred; GILBERT, J., dissented.

Decree of surrogate modified in accordance with opinion.